POLONIO CEBALLOS ET UX., Plaintiffs and Appellees, *v.* HEIRS OF FRANCISCO ALVAREZ, Defendants and Appellants.

No. 6190. Argued March 6, 1933.—Decided March 8, 1933.

*Celestino Iriarte* and *F. Fernández Cuyar* for appellants. *Angel A. Vázquez* and *Carlos D. Vázquez* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this action a complaint was filed praying for the annulment of a certain mortgage foreclosure proceeding. The defendants filed a demurrer and an answer, and also set up a counterclaim. The case went to trial and the court decided it by a judgment sustaining the complaint and the counterclaim, and adjudged the defendants to pay the costs.

Neither of the parties appealed, and when the judgment became final (*firme*), the plaintiffs filed their memorandum of costs, including therein an item of $500 for attorney's fees. The defendants contested said item as excessive. The court reduced it to $200 "taking into account the work really done by the plaintiffs' attorney, the importance of the case, and the degree of obstinacy of the parties defendant."

The defendants appealed from the order of the court and the plaintiffs have moved for a dismissal of the appeal as being frivolous.

We have before us copies of the pleadings in the case, but not of the transcript of the evidence. We know what the judge asserted. The pleadings reveal a suit of relative importance. The evidence is not stated. We do not know how the suit was. The amount granted by the court, two-fifths of the amount claimed, is in harmony with what we know of the litigation and we have to assume that it is also in harmony with the part thereof not known to us.

In their brief the appellants say that the nullity of the proceeding was decreed for only one of the several grounds alleged, and that their counterclaim was sustained. But it is true that the judgment imposed upon them the costs including attorney's fees, and that the defendants consented. The only

matter open to discussion is the amount, and it is so clear that the sum finally fixed by the court is not excessive, that to continue the proceedings in an appeal such as this, after attention has been called to its frivolous character, would have no justification.

The appeal must be dismissed as frivolous.